**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSAMA MIKHO ORAHA, | No. 14-72123 |
| Petitioner, | Agency No. A096-742-979 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Osama Mikho Oraha, a native of Iraq and citizen of Canada, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his motion to reopen. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion by denying as untimely Oraha's motion to reopen on the basis of ineffective assistance of counsel, where he filed the motion over two years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and he failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available when a petitioner has exercised due or reasonable diligence and tolling period should end . . .when petitioner definitively learns of the harm resulting from counsel's deficiency, or obtains vital information bearing on the existence of his claim (internal quotation marks and citation omitted)).

Because untimeliness is dispositive, we do not reach Oraha's remaining contentions regarding eligibility for relief from removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED.**

14-72123